IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

SEP 2 0 2007

U.S. DISTRICT
ALEX...

| | | |
|---|---|---|
| Brandon A. Williams, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:07cv824 (LMB/TRJ) |
| | ) | |
| Albert J. DeAngelis, et al., | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION

Brandon A. Williams, a Virginia inmate proceeding pro se, has filed a civil rights action,

pursuant to 42 U.S.C. § 1983, against Officer Albert J. DeAngelis and the Virginia Beach Police

Department, alleging that defendant DeAngelis violated his constitutional rights by (1) striking and

punching him, (2) spraying him with pepper spray, and (3) shouting "racial slurs" at him during his

arrest in May of 2006.[1]  Plaintiff also appears to allege that DeAngelis (4) retaliated against him by

filing a false charge of assault against a law enforcement officer.  Plaintiff further alleges that (5) the

Virginia Beach Police Department "provided false statements to cover up this matter" after plaintiff

made inquiries to various "overseeing agencies" concerning DeAngelis' actions.  Plaintiff seeks

$10,000,000.00 in damages, an injunction relieving "the defendant" of his duties, and a "full criminal

investigation" of "the defendant" in this matter.

After reviewing plaintiff's complaint, claim 4 against defendant DeAngelis will be dismissed

pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.[2]  As to the remaining claims against

---

[1] Plaintiff has also filed a request to proceed in forma pauperis, but he failed to attach a certified statement of his inmate account information.

[2] Section 1915A provides:

(a) Screening.—The court shall review, before docketing, if feasible or, in any event,

DeAngelis and the claim against the Virginia Beach Police Department, plaintiff will be directed to provide additional information. Additionally, as plaintiff failed to attach a certified statement of his inmate account information to his request to proceed in forma pauperis, additional information will be requested from his correctional institution.

## I.

Plaintiff alleges that on March 1, 2006, members of the Virginia Beach Police "Warrant Squad" arrested him at "the Best Western Hotel in Norfolk, Virginia" on several outstanding arrest warrants. Compl. 4. After plaintiff was handcuffed, DeAngelis "began to transport" him to the Virginia Beach Jail. Id. While being transported to the jail, plaintiff stated that he needed to go to the bathroom. DeAngelis stopped at a Hardees restaurant to allow plaintiff to use the restaurant bathroom. During this stop, plaintiff "slipped off" the right cuff of his handcuffs and started to run away. Id. DeAngelis pursued him on foot. During the chase plaintiff lost his footing and "fell to the ground due to the help of two citizens." Id. Plaintiff alleges that as he was re-arrested DeAngelis "struck and punched [him] numerous times," shouted "racial slurs" at him and sprayed him in the face with pepper spray. Plaintiff claims that he reported this incident to a superior, and that after making that report, DeAngelis filed "a false charge of assault on a law enforcement officer to cover

---

as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>  (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
>  (2) seeks monetary relief from a defendant who is immune from such relief.

up the matter." Id. Plaintiff also alleges that the Virginia Beach Police Department Professional Standards Unit "allegedly provided false statements to cover up" the incident after the plaintiff contacted various "overseeing agencies" to investigate his complaint.

## II.

In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). Thus, the alleged facts are presumed true, and the complaint should be dismissed only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

Plaintiff alleges that, at some point after he reported "the matter," DeAngelis charged him with assaulting a law enforcement officer in retaliation for plaintiff's report. Claims of retaliation are generally treated with skepticism because "[e]very act of discipline by prison officials is by definition 'retaliatory' in the sense that it responds to prisoner misconduct." Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994). To state a claim of retaliation, plaintiff "must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." Id. at 75. Moreover, he must allege sufficient facts to support his allegation of a retaliatory motive behind defendants' actions. White v. White, 886 F.2d 721, 724 (4th Cir. 1989). Bare assertions of retaliation do not establish a claim of constitutional dimensions. Adams, 40 F.3d at 75. In addition, plaintiff must come forward with specific evidence "establish[ing] that

3

but for the retaliatory motive, the complained of incident . . . would not have occurred." Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995); accord McDonald v. Hall, 610 F.2d 16, 18-19 (1st Cir. 1979); Ponchik v. Bogan, 929 F.2d 419 (8th Cir. 1991) (plaintiff must show that action would not have occurred "but for" the alleged reprisal); accord Collinson v. Gott, 895 F.2d 994, 1002 (4th Cir. 1990) (Phillips, J., concurring).

Plaintiff fails to state a claim of retaliation in two respects. First, in filing a complaint about a police officer's conduct, plaintiff was not exercising a constitutional right. The Fourth Circuit has recognized no constitutional "right to inform" prison authorities of one's grievances. Adams, 40 F.3d at 75. Second, assuming that plaintiff had a constitutional right to inform prison authorities of his grievances, he has alleged no facts to support a claim that DeAngelis filed the assault charge in response to plaintiff's exercise of that right. All plaintiff alleges is that, some time after he informed a superior of "the matter," DeAngelis filed an assault charge against him. Because this pleading is insufficient to state a claim of retaliation, claim 4 will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

## III.

As to plaintiff's remaining claims against DeAngelis and the claim against the Virginia Beach Police Department, plaintiff will be directed to provide additional information. Although district courts have a duty to construe complaints by pro se litigants liberally, those pleadings must nevertheless allege a cause of action. Bracey v. Buchanan, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999). To state a cause of action under § 1983, a plaintiff must allege facts indicating that he was deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. See West, 487 U.S.

4

42 (1988). Moreover, a plaintiff must allege that each named defendant had personal knowledge of and involvement in the alleged violations of plaintiff's constitutional rights for the action to proceed against that defendant.

### 1. Excessive Force During Arrest

Plaintiff alleges that, after losing his footing and falling to the ground, he was re-arrested by DeAngelis who "struck and punched" him numerous times and sprayed him with pepper spray. "The Fourth Amendment 'governs claims of excessive force during the course of an arrest.'" Robles v. Prince George's County, 302 F.3d 262, 268 (4th Cir. 2002) (quoting Riley v. Dorton, 115 F.3d 1159, 1161 (4th Cir. 1997)). "The 'reasonableness' inquiry in an excessive force case [governed by the Fourth Amendment] is an objective one: the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Graham v. Connor, 490 U.S. 386, 397 (1989) (citations omitted). Further, "'[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers,' violates the Fourth Amendment." Id. at 396 (internal citation omitted). A district court must balance "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion." Tennessee v. Garner, 471 U.S. 1, 8 (1985) (citing United States v. Place, 462 U.S. 696, 703 (1983)).

As the "outcome of this balancing test necessarily depends on the facts and circumstances of the particular case," Martin v. Gentile, 849 F.2d 863, 868 (4th Cir. 1988), plaintiff will be directed to provide more information. Specifically, plaintiff will be directed to particularize and amend his complaint to provide more details concerning the circumstances of his initial arrest, attempted escape, and his re-arrest by defendant DeAngelis. Furthermore, in addressing the facts

5

and circumstances surrounding his re-arrest by defendant DeAngelis, plaintiff should explain the sequence of events leading up to DeAngelis' striking him and using the pepper spray. Plaintiff should also explain the harm or injury he has suffered, if any, as a result of DeAngelis' alleged violations.

2. Use of Racial Slurs

Plaintiff also claims that DeAngelis "shouted racial slurs" while plaintiff was on the ground restrained in handcuffs. Verbal harassment and abuse by arresting officers, without more, does not rise to the level of a constitutional claim. See Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979), cited favorably in, Moody v. Grove, 885 F.2d 865 (4th Cir. 1989) (table) (unpublished). A verbal threat combined with action apparently designed to carry out the threat, however, may constitute a claim of constitutional dimensions. See Hudspeth v. Figgins, 584 F.2d 1345, 1348 (4th Cir. 1978). Plaintiff does not allege that DeAngelis' utterances amounted to a threat, and, at present, it is unclear whether the utterance was in any way connected with any physical harm that plaintiff may have may have suffered. Because plaintiff is proceeding pro se, he will be given an opportunity to particularize and amend this claim.

3. Virginia Beach Police Department

Finally, plaintiff claims that the Professional Standards Unit of the Virginia Beach Police Department "provided false statements to cover up this matter when the plaintiff contacted various overseeing agencies to further investigate his complaint." A municipality, or a department of municipality, is a person amenable to suit under § 1983 when the alleged unconstitutional action "implements or executes a policy statement, ordinance regulation, or decision officially adopted and promulgated by that body's officers." Monell v. Dep't of Soc. Servs of City of New York, 436 U.S.

6

658, 690 (1978). Liability under § 1983 may not be imposed against a municipality merely because a city employee violates plaintiff's constitutional rights. Id. at 691. Instead, a municipality may be held liable for the actions of its employees only "when the execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may be fairly said to represent official policy, inflicts the injury." Id. at 694. Plaintiff has not alleged that either any particular employee of the Professional Standards Unit of the Virginia Beach Police Department or that the unit itself was executing a regulation, ordinance, or decision officially adopted and promulgated by the Virginia Beach Police Department or acting pursuant to a "policy or custom" of the Virginia Beach Police Department. As plaintiff is proceeding pro se, he will be given the opportunity to particularize and amend this claim.

## IV.

Additionally, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford v. Ngo, 126 S. Ct. 2378, 2387 (2006) (requiring complete exhaustion of correctional facility administrative remedies). To bring this action in federal court, plaintiff must receive a response to his grievance and, if unsatisfactory, must pursue it through all available levels of appeal before presenting that claim in federal court. At this time it is unclear whether plaintiff completely exhausted his institution's administrative remedies. Before this action may proceed, plaintiff will be required to submit additional information concerning his exhaustion of administrative remedies. See Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 680 (4th Cir. 2005) (deeming improper sua sponte dismissal of a claim on exhaustion grounds).

7

**V.**

For the above stated reasons, claim 4 will be dismissed with prejudice for failure to state a claim. <u>See</u> 28 U.S.C. § 1915A(b)(1).  Plaintiff will be given the opportunity to particularize and amend claims 1 through 3 and 5 and supply evidence of exhaustion of his institution's administrative remedies.  An appropriate Order shall issue.

Entered this ___20th___ day of ___September_____ 2007.

_____ /s/ _____

Leonie M. Brinkema
United States District Judge

Alexandria, Virginia

8